[DO NOT PUBLISH]

In the

# United States Court of Appeals

## For the Eleventh Circuit

_____

No. 21-12183

Non-Argument Calendar

_____

JOSE LEDEZMA,

Petitioner,

*versus*

U.S. ATTORNEY GENERAL,

Respondent.

_____

Petition for Review of a Decision of the
Board of Immigration Appeals
Agency No. A095-096-434

_____

Before JORDAN, BRASHER, and JULIE CARNES, Circuit Judges.

PER CURIAM:

Petitioner Jose Ledezma, a native and citizen of Honduras, appeals the denial by the Board of Immigration Appeals (the "BIA") of his motion to *sua sponte* reopen his removal proceeding. As discussed below, this Court lacks jurisdiction to review the BIA's denial of *sua sponte* relief. Accordingly, we dismiss Petitioner's appeal.

## BACKGROUND

Petitioner left Honduras and traveled to the United States in September 1998. He crossed the United States border near Brownsville, Texas, without presenting himself to immigration officials. Petitioner was served in October 2004 with a Notice to Appear that charged him with being present in the United States without being admitted or paroled, in violation of INA § 212(a)(6)(A)(i). After continuing Petitioner's removal proceeding several times to give him an opportunity to find an attorney, an IJ held a hearing in Petitioner's case on May 4, 2005, with Petitioner appearing *pro se.*

Petitioner admitted during his hearing that he did not have a valid entry document when he entered the United States, and that he did not present himself to an immigration officer upon his entry. The IJ advised Petitioner that he was therefore removable and asked him directly if there was any reason he should not be returned to Honduras. Petitioner responded that he left Honduras

because of gangs, that he had been pressured for recruitment and physically harmed while in Honduras, and that he had come to the United States to be with his father. The IJ observed that the United States also had problems with gangs and, after inquiring whether Petitioner had any other issues, asked the Government if it saw any availability of relief. The Government suggested voluntary departure.

At the end of the hearing, the IJ found Petitioner removable and granted voluntary departure. The IJ explained to Petitioner that if he failed to depart from the United States before September 1, 2005, he would be subject to civil penalties and ineligible for benefits under the INA for ten years, and that the only excuse for failing to comply was exceptional circumstances beyond Petitioner's control, such as a serious illness or the death of an immediate family member in the United States. The IJ reserved Petitioner's right to appeal and provided him with the form used to file an appeal, along with a list of agencies that provide representation in BIA appeals at low or no cost. In its order, the IJ noted that Petitioner had testified that he did not want to return to Honduras because gangs there had tried to recruit him, but the IJ concluded that there was nothing in Petitioner's testimony "indicating any type of basis for [Petitioner to file] an asylum application."

Petitioner appealed the IJ's order to the BIA and filed a *pro se* brief in which he argued that he qualified for asylum and withholding of removal. In the brief, Petitioner defined—and extensively quoted case law defining—the term "refugee" as used in the

INA.  He then argued that he qualified as a refugee because of the gang crisis in Honduras.  The BIA issued a decision in October 2006 dismissing Petitioner's appeal.  In its decision, the BIA acknowledged Petitioner's testimony that he could not return to Honduras because he was afraid of gangs there.  However, the BIA noted that Petitioner had not submitted an I-589 application for asylum or withholding of removal, either to the IJ or with the brief he submitted to the BIA.

In November 2018, more than twelve years after the final order dismissing his BIA appeal, Petitioner filed a motion for the BIA to *sua sponte* reopen his removal proceeding to allow him to apply for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT").  In support of his motion, Petitioner argued that he was not given the opportunity in his initial proceeding to file for asylum and that he was coerced to accept voluntary departure when it was clear he feared returning to Honduras.  Petitioner noted that the BIA had authority to *sua sponte* reopen any case in which it had rendered a decision, albeit such authority could only be used in "exceptional circumstances" and was not intended to "cure filing defects or circumvent [applicable] regulations."  In conjunction with his motion to reopen, Petitioner filed, for the first time, an I-589 application for asylum, withholding of removal, and CAT relief, again asserting that he feared returning to Honduras because of gang activity there and the possibility of forced recruitment.

The BIA determined that Petitioner's motion to reopen was untimely. As explained in the BIA's decision, with certain exceptions, a motion to reopen a removal proceeding must be filed no later than 90 days after the date of the agency's final decision on removal—which in Petitioner's case occurred in October 2006. *See* INA § 240(c)(7)(C)(i), 8 U.S.C. § 1229a(c)(7)(C)(i). Petitioner filed his motion to reopen in November 2018, more than twelve years after the BIA's final decision in his proceeding. Petitioner did not allege that his motion fell within any of the exceptions to the time limitations applicable to a motion to reopen removal proceedings, nor did he explain why he waited twelve years to file the motion.

The BIA concluded further that Petitioner had failed to show an exceptional situation that warranted the exercise of its discretionary *sua sponte* reopening authority. Specifically addressing Petitioner's claim that he should have been given an opportunity to apply for asylum before the IJ, the BIA noted that Petitioner had not presented any argument that he was prima facie eligible for asylum as it was not apparent that the harm he feared in Honduras—forced recruitment and harm by criminal gangs—would be on account of a protected ground under the INA. For this reason, and because of the untimeliness of Petitioner's motion, the BIA declined to reopen Petitioner's removal proceeding *sua sponte*.

Petitioner appeals the BIA's denial of his motion to *sua sponte* reopen his removal proceeding to this Court. In support of his appeal, Petitioner argues that the BIA erred when it declined to exercise its *sua sponte* authority to reopen his removal proceeding,

and that he is entitled to reopening based on due process and other constitutional violations allegedly committed by the IJ in his initial proceeding and compounded by the BIA on appeal.

## DISCUSSION

"When the BIA issues a decision" in a case arising under the INA, "we review only that decision, except to the extent the BIA expressly adopts the IJ's decision." *Lopez v. U.S. Att'y Gen.*, 504 F.3d 1341, 1344 (11th Cir. 2007).  We review the BIA's decision on a motion to reopen a removal proceeding for an abuse of discretion. *See Chacku v. U.S. Att'y Gen.*, 555 F.3d 1281, 1286 (11th Cir. 2008).  "This review is limited to determining whether the BIA exercised its discretion in an arbitrary or capricious manner." *Zhang v. U.S. Att'y Gen.*, 572 F.3d 1316, 1319 (11th Cir. 2009).  "The moving party bears a heavy burden, . . . as motions to reopen are disfavored, especially in removal proceedings." *Id.* (citation omitted). We review questions concerning our own jurisdiction *de novo.* *Jeune v. U.S. Att'y Gen.*, 810 F.3d 792, 799 (11th Cir. 2016).

As an initial matter, we note that Petitioner's claim for relief in this case hinges on the BIA's authority under the INA to *sua sponte* reopen removal proceedings "at any time." *See* 8 C.F.R. § 1003.2(a).  Under the INA, a petitioner also may file a "statutory" motion to reopen his removal proceedings, but such a motion generally must be filed within 90 days of the final order of removal. *See* INA § 240(c)(7)(A), (C), 8 U.S.C. § 1229a(c)(7)(A), (C).  As discussed, Petitioner filed his motion to reopen more than twelve years after the final order of removal in his case.  The 90-day

deadline for filing a motion to reopen is subject to certain exceptions and to equitable tolling. *See Avila-Santoyo v. U.S. Att'y Gen.*, 713 F.3d 1357, 1362–65 (11th Cir. 2013) (en banc). However, Petitioner does not argue that any exception or equitable tolling applies in this case, and he requested only *sua sponte* reopening in his motion to the BIA. Moreover, Petitioner does not argue in the briefing he has filed in this Court that the BIA abused its discretion by declining to exercise its statutory power to reopen his removal proceedings. Instead, Petitioner seeks review only of the BIA's discretionary decision not to exercise its *sua sponte* authority to reopen.

Under the INA and its governing regulations, the BIA has the authority to reopen or reconsider a removal order *sua sponte* at any time, with certain restrictions. *See* 8 C.F.R. § 1003.2(a). "The BIA has broad discretion over motions for *sua sponte* reopening, . . . but it has held that it will exercise its authority only in exceptional circumstances." *Butka v. U.S. Att'y Gen.*, 827 F.3d 1278, 1283 (11th Cir. 2016) (citation omitted). To satisfy the exceptional circumstances standard, a petitioner must show, among other things, "that there is a substantial likelihood that the result in [his] case would be changed if reopening is granted." *Id.* (quotation marks omitted). In this case, although the BIA acknowledged that Petitioner had expressed a fear of returning to Honduras, it determined that his motion did not demonstrate an "exceptional situation that would warrant" *sua sponte* reopening because Petitioner did not present "any argument that he is prima facie eligible for

asylum, as it is not apparent that the harm he fears would be on account of a protected ground" under the INA.

Petitioner argues that the BIA erred in holding that he did not show exceptional circumstances, and in support of his argument he cites the IJ's alleged (1) failure to hold an evidentiary hearing concerning Petitioner's fear of persecution, (2) failure to advise Petitioner of his right to file for asylum or withholding of removal, and (3) forcing Petitioner to accept voluntary departure when he never requested that relief. We cannot—and do not—consider the merits of Petitioner's arguments because this Court has "squarely held that it lack[s] jurisdiction to review a BIA decision denying a petitioner's motion for *sua sponte* reopening." *Id.* (citing *Lenis v. U.S. Att'y Gen.*, 525 F.3d 1291, 1293 (11th Cir. 2008)). As the Court explained in *Butka*, "judicial review is not available when agency action is committed to agency discretion by law." *See Butka*, 827 F.3d at 1283–84 (quotation marks omitted). Agency action is committed to agency discretion by law when "the statute at issue does not provide a meaningful standard against which to judge the agency's exercise of discretion." *Id.* (quotation marks omitted). This Court concluded in *Lenis*, and reiterated in *Butka*, that "neither the INA nor 8 C.F.R. § 1003.2(a) provide[s] any standard to govern the BIA's exercise of its discretion to *sua sponte* reopen immigration proceedings." *See id.* at 1284 (quotation marks omitted).

Petitioner notes that we "may have jurisdiction to review colorable constitutional claims related to the BIA's decision not to exercise its *sua sponte* authority." This Court has expressly left

open the question of whether we may exercise jurisdiction over constitutional claims related to the BIA's decision on a motion for *sua sponte* reopening. *See id.* But we have no occasion to rule on that issue here because Petitioner does not assert a colorable constitutional claim related to the BIA's decision on his motion to reopen. Although Petitioner argues that the IJ and the BIA violated his due process and other constitutional rights in his initial removal proceeding, he does not point to any constitutional error committed by the BIA in its ruling on the motion to reopen. With respect to the motion to reopen, Petitioner's argument is simply that the BIA erred in failing to find that *sua sponte* reopening was warranted in his case. That is an argument we lack jurisdiction to consider. *See Arias v. U.S. Att'y Gen.*, 482 F.3d 1281, 1284 (11th Cir. 2007) (noting that a petitioner cannot create jurisdiction "simply by cloaking an abuse of discretion argument in constitutional garb"). As such, Petitioner's appeal must be dismissed.

## CONCLUSION

For the foregoing reasons, we **DISMISS** Petitioner's appeal for review of the BIA's denial of his motion to reopen his removal proceedings *sua sponte* for lack of jurisdiction.

**PETITION DISMISSED**